In the Matter of PAUL KAHAN, an Attorney, Respondent.

First Department, November 3, 1933.

*Einar Chrystie* [*Lewis B. Reynolds* and *Ben A. Matthews* with him on the brief], for the petitioner.

*Hyman H. Goldstein*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York in November, 1906, at a term of the Appellate Division, Second Department. By the petition herein he is charged with professional misconduct

in that he converted to his own use approximately $250 representing installments of alimony given him by a client for payment to the wife of the latter. The respondent answered, and the matter was referred to a referee to take testimony with respect to the charge, and report the same to this court together with his opinion thereon. The learned referee has duly reported, finding the respondent guilty to the extent at least of the conversion of $90 received from his client as aforesaid. The referee further found that the respondent, desiring to conceal from his client the fact that he had misappropriated the money of the latter, failed to notify him of the pendency of a motion to punish him for contempt for failure to make payments of alimony to his wife. The referee also has found the respondent deliberately gave and procured to be given false testimony in aid of a fabricated defense.

The matter now comes before this court upon motion of the petitioner that the report of the referee be confirmed and that this court take such action in the premises as may be just and proper.

In brief, the facts, as shown by the record, are as follows: In February, 1929, Alexander M. Kandrat retained the respondent to represent him in a divorce action which was then pending. An order was subsequently entered directing Kandrat to pay his wife fifteen dollars a week. Thereafter Kandrat from time to time sent checks to the respondent which the latter agreed to forward to Kandrat's wife. The respondent forwarded some of these checks or the proceeds thereof to Kandrat's wife, but converted to his own use the proceeds of others. In April, 1931, a motion was made to punish Kandrat for failure to make payments of alimony to his wife. The papers in support thereof were served on the respondent, but he failed to notify Kandrat that the motion had been made, and it was granted on default. The respondent testified he was unable to locate his client, but the evidence shows that the respondent readily could have done so, and the clear inference is that he deliberately refrained from advising him of the pending motion in order to conceal his defalcations.

Subsequently, Kandrat retained another attorney and arranged a settlement whereby he was allowed to pay the amount of alimony due in installments. Kandrat's new attorney and the respondent thereafter discussed the amount which the respondent had received and failed to pay over. The exact amount could not be determined. On behalf of Kandrat an indebtedness of $317 was claimed. The respondent conceded he was in arrears the sum of $250, and it was agreed the matter would be adjusted by the payment of this amount. The respondent paid $75 on account but failed to make

any further payment until after the matter was brought before the grievance committee of the petitioner, when the respondent paid additional sums sufficient to make a total restitution of $317.50, upon condition that the complainant write to the Association of the Bar a letter prepared by the respondent, stating that he had adjusted all his differences with the respondent and had no interest in further proceedings.

The respondent testified in his own behalf that his wife had removed from his office papers including the record in the case of his client Kandrat, and that, therefore, he could not determine what amounts were unpaid. The respondent, however, received payments subsequent to the date of such removal by his wife, and as to these he was also without record. These items consist of three checks of thirty dollars each. Two of these checks respondent testified he had inclosed in sealed envelopes addressed to the payee and given to one Harris to mail. The third check was similarly addressed and given to one Yacendo to mail. Both Harris and Yacendo were office associates of the respondent. The respondent claimed that Harris and Yacendo opened the envelopes, cashed the checks and converted the proceeds. Harris in each case cashed the check through a brother of the respondent. Harris was not called as a witness. Yacendo testified that out of curiosity he had opened the envelope given him by respondent to mail and finding it contained a check for thirty dollars had indorsed and cashed it, because the respondent owed him money. The testimony of this witness, apparently, is false and fabricated to bolster up a fictitious defense. The respondent further deliberately sought to conceal the fact that he had a brother named David, who it appears cashed the checks received by the respondent from his client, including the aforesaid checks which the respondent claimed had been stolen by Harris. This brother testified that said last-mentioned checks had been cashed at the express request of the respondent and the proceeds given to a messenger of the respondent. Before the grievance committee of the petitioner the respondent denied any knowledge of his aforesaid brother, David M. Kahan, and testified he had but three brothers, namely, Louis, William and Max. Such testimony in the face of the facts is shocking.

The respondent is guilty of gross unfaithfulness to his client in willfully subjecting him to punishment for contempt, in order to conceal from said client the fact that respondent had converted the moneys of the latter. Respondent further has been guilty of converting at least the sum of ninety dollars. He has further demonstrated his lack of moral fibre by giving and procuring to be given false testimony in aid of a fabricated defense. The

respondent has been the subject heretofore of a disciplinary proceeding in the Appellate Division, Second Department (234 App. Div. 629).

The respondent is totally unfit to remain a member of an honorable profession and should be disbarred.

MERRELL, MARTIN and TOWNLEY, JJ., concur.

Respondent disbarred.